IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARY KRUEGER,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | 3:13-CV-02321-JO<br><br>OPINION AND ORDER |

JONES, J.,

Plaintiff Mary Krueger appeals the Commissioner's decision denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

**PRIOR PROCEEDINGS**

Krueger alleged she became disabled beginning July 4, 2002 due to the combined effects of bipolar disorder and migraine headaches. She alleged her impairments caused difficulty conversing with others, memory problems, fatigue, lack of energy, and a feeling of being overwhelmed. Admin. R. 18.

After an administrative hearing, the Administrative Law Judge ("ALJ") found Krueger was not disabled and denied her claim. Admin. R. 14. Four months later, Krueger's attorney ordered a

1 - OPINION AND ORDER

consultative psychological examination by Linda Grounds, Ph.D. Admin. R. 243–257. Krueger submitted Dr. Grounds' report to the Appeals Council with her request for review. Admin. R. 240–42. The Appeals Council considered the report, but found no basis for review of the ALJ's decision. Admin. R. 1–3. On the first appeal to this court, Judge Simon affirmed most of the ALJ's findings, but remanded with instructions for the ALJ to consider Dr. Grounds' opinion. Admin. R. 514.

A second ALJ conducted further administrative proceedings and another hearing, and issued the decision on appeal here. Admin. R. 447–67. The ALJ correctly determined that the relevant time for Krueger's claim ended on December 31, 2009, when her insured status under the Social Security Act expired. Admin. R. 452. To prevail on her claim, Krueger must show that she was disabled on or before that date. 42 U.S.C. § 423(a)(1)(A). *See Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998).

The ALJ found that during the relevant time, Krueger's ability to work was adversely affected by nonexertional limitations. Admin. R. 461. The ALJ found that despite her impairments, Krueger retained the residual functional capacity ("RFC") to perform work at all exertional levels, with limitation to simple, routine, and detailed, but not complex tasks. Admin. R. 452–53. The vocational expert ("VE") testified that a person having Krueger's RFC and other vocational factors could perform the activities required in representative occupations such as industrial cleaner, motel cleaner, and mail sorter, and that those represent over one million jobs in the national economy. Admin. R. 461, 497–98. The ALJ therefore concluded that Krueger was not disabled within the meaning of the Social Security Act during the relevant time. Admin. R. 461–62.

///

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence may be less than a preponderance of the evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Under this standard, the court must consider the record as a whole, and uphold the Commissioner's factual findings that are supported by inferences reasonably drawn from the evidence even if another interpretation is also rational. *Robbins*, 466 F.3d at 882; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).

## DISCUSSION

### I. Claims of Error

Krueger contends the ALJ failed to give specific and legitimate reasons for rejecting the opinion of Dr. Grounds. Krueger argues this error led the ALJ to improperly find Krueger not disabled. Krueger asks the court to credit this evidence as a matter of law and to remand for payment of benefits.

### II. Medical Opinion of Dr. Grounds

Krueger's attorney requested Dr. Grounds' opinion after the ALJ's decision. Admin. R. 239. Dr. Grounds examined Krueger for the first and only time in June 2010, six months after Krueger's insured status expired. Dr. Grounds interviewed Krueger, conducted psychological testing, and reviewed treatment records, including those of Marc Stuckey, Psy.D. and Howard Rosenbaum, M.D.

Admin. R. 243. Dr. Grounds diagnosed Krueger with bipolar disorder, anxiety disorder, alcohol dependence (in remission), personality disorder, and a current Global Assessment of Functioning (GAF) score in the range indicating serious impairment in social or occupational functioning. Admin. R. 251. Krueger had an elevated score on a malingering measure, and Dr. Grounds noted that Dr. Stuckey had also obtained a score indicating malingering. Admin. R. 250. Dr. Grounds believed that the test score resulted from Krueger's depression symptoms and not from her intentional effort to exaggerate her symptoms. Admin. R. 250–51.

Dr. Grounds indicated that Krueger had impairments in concentration, information processing, and cognitive functioning, but believed these cognitive symptoms resulted from depression. Admin R. 251–52. Dr. Grounds concluded that Krueger was "significantly disabled and unable to maintain employment." Admin R. 252. Krueger contends Dr. Grounds' opinion establishes that she is disabled and entitled to payment of benefits. Pl's Reply Br. 6.

The ALJ gave Dr. Grounds' opinion "limited weight" relative to other evidence he found more persuasive regarding Krueger's abilities and limitations during the relevant period. Admin. R. 459. An ALJ may reject a physician's opinion in favor of the opinions of other physicians, if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ found Dr. Grounds' report entitled to less weight because it did not proffer an opinion regarding Krueger's specific abilities and limitations, it did not relate to the relevant period, and it was contradicted by the opinions of other physicians. Admin. R. 459.

4 - OPINION AND ORDER

The ALJ correctly found Dr. Grounds' conclusion that Krueger was "significantly disabled and unable to obtain or maintain employment" was "an opinion that is reserved to the Commissioner of the Social Security Administration." Admin. R. 459. Such statements are not medical opinions about specific functional limitations the patient suffers or activities she can no longer perform. Instead, it is a vocational conclusion which requires expertise health care professionals do not have. 20 C.F.R. § 404.1527(e); SSR 96-5p, 1996 WL 374183, *2–3. An ALJ must consider such opinions, but they cannot be given controlling weight or special significance. 20 C.F.R. § 404.1527(e); SSR 96-5p, 1996 WL 374183, *2–3. Dr. Grounds did not identify specific work activities Krueger could not do or specific functional limitations that could be compared to the requirements of work in particular occupations. Accordingly, the opinion was of limited value in determining Krueger's vocational capacity and the ALJ properly gave it limited weight.

The ALJ's determination that Dr. Grounds' opinion did not focus on the relevant period is supported by substantial evidence. Dr. Grounds' primary goal was to "offer an opinion regarding Ms. Krueger's current psychiatric diagnoses, her history of mental health treatment and her likely on-going need for mental health treatment." Admin. R. 243. Dr. Grounds did not see Krueger until 2010, approximately six months after Krueger's insured status expired. Dr. Grounds reviewed the diagnostic findings of others from the relevant time, but relied primarily on the subjective description of limitations provided by Krueger and current personality testing. Admin. R. 243–52. The opinion of a psychologist who examines a claimant after the expiration of the claimant's disability insured status may be given less weight than contemporaneous medical evidence. *Marci v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). Because Dr. Grounds' opinion was focused on a time after Krueger's

insured status expired and relied primarily on findings obtained after Krueger's insured status expired, the ALJ properly gave greater weight to contemporaneous evidence from the relevant time.

To the extent Dr. Grounds' opinion related to the relevant time, the ALJ found it inconsistent with the contemporaneous opinions and findings. Admin. R. 459. If a medical opinion is contradicted by other medical opinions, the ALJ must give "specific and legitimate" reasons to reject it. *Hill v. Astrue*, 698 F.3d 1153, 1159–60 (9th Cir. 2012) (citing *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298–99 (9th Cir. 1999). The ALJ sufficiently provided specific and legitimate reasoning to limit the weight of Dr. Grounds' opinion.

In 2004, Krueger began treatment with Dr. Rosenbaum. Admin. R. 287. In November 2004, he rated Krueger's GAF in a range used to signify moderate symptoms or moderate difficulty in social, occupation, or school functioning. Admin. R. 289. After adjusting for fluctuations in Krueger's response to treatment, Dr. Rosenbaum reported that her medications were relatively effective in controlling Krueger's symptoms. Admin. R. 287–300, 425–35. For example, for several months in 2005 Krueger reported working part time without difficulties in mood. Admin. R. 294–95. When Krueger experienced an exacerbation of depression in April 2006, her symptoms were alleviated by medication adjustments and she was able to increase her activities. Admin. R. 296–98. Dr. Rosenbaum's notes show that Krueger's medications continued to be relatively successful in treating her symptoms. Admin. R. 425–35. Impairments that are effectively controlled by medications are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

During treatment, Dr. Rosenbaum recommended psychotherapy. Admin. R. 50. Krueger testified that she did not follow through with the recommendation, suggesting that the symptoms

may not have been as serious as alleged. Admin. R. 50. When a claimant makes subjective claims of disabling symptoms, but disregards recommended treatment designed to alleviate those symptoms, an ALJ may reasonably find the subjective claims unjustified or exaggerated. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); *Tonapetyan v. Halter*, 242 F. 3d 1144, 1147–48 (9th Cir. 2001).

In March 2007, Bill Hennings, Ph.D., reviewed the entire record and submitted a psychiatric assessment. Admin. R. 367–383. Dr. Hennings opined that Krueger's records supported mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration. Admin. R. 377–78. Such mild and moderate findings contradict Dr. Grounds' opinion that Krueger is unable to maintain employment.

In June 2009, Dr. Stuckey performed a neuropsychological screening examination on Krueger. Admin. R. 436–46. The examination included a psychodiagnostic interview, mental status exam, and a number of psychological tests. Admin. R. 436. After the examination, Dr. Stuckey opined that Krueger's thought process appeared relatively logical and progressive. Admin. R. 438. The SIMS and MMPI-2 tests indicated that Krueger exaggerated her symptoms and psychological problems. Admin. R. 440. Krueger's score on a malingering measure was "significantly elevated beyond the recommended overall cut-off score of 14 for the identification of suspected malingering." Admin. R. 440. Unlike Dr. Grounds, Dr. Stuckey diagnosed Krueger with malingering. Admin. R. 250–251, 440. The ALJ did not go so far as to adopt the malingering diagnosis, but he found Dr. Stuckey's report diminished Krueger's credibility, because "it leads to believe she has exaggerated her symptoms, and it is not appropriate to rely on her allegations without critically examining them." Admin. R. 457.

///

A medical expert, Margaret R. Moore, Ph.D., testified at the administrative hearing. Dr. Moore said Krueger had a "problematic personality structure" with dependent features, and a history of "chronic low-grade" depression. Admin. R. 479. She said the record supported diagnoses of anxiety and personality disorder. Admin. R. 480. Dr. Moore did not find that Krueger met the diagnostic criteria for malingering, but said that Krueger "has the tendency to try to make a statement in a dramatic way, to be convincing in ways that she believes will serve her needs." Admin. R. 480. Regarding functional limitations during the relevant period, Dr. Moore said the record showed that Krueger had no more than mild restriction in activities of daily living, a mild to moderate limitation in social functioning, and a mild to moderate limitation in maintaining concentration, persistence, or pace. Admin. R. 481. These mild to moderate findings contradict Dr. Grounds' more conclusory opinion that Krueger was unable to work.

The ALJ afforded great weight to Dr. Moore's opinion relative to that of Dr. Grounds, because it was more consistent with the record as a whole, and was well reasoned and persuasive. The ALJ reasonably found it more reliable than Dr. Grounds' opinion which was conclusory and unsupported by clinical findings from the relevant time. Admin. R. 459; *Meanal v. Apfel*, 172 F.3d 1111, 1117 (9th Cir. 1999). The ALJ's findings are supported by substantial evidence and set forth specific, legitimate reasons for discounting the opinion of Dr. Grounds. *Thomas v. Barnhart*, 278 F.3d at 957. The ALJ reasonably relied on other evidence he found more reliable. I find no error in the ALJ's evaluation of Dr. Grounds' opinion.

///

///

///

## CONCLUSION

Krueger's claims of error cannot be sustained for the foregoing reasons. The Commissioner's decision is AFFIRMED.

DATED this 2nd day of February, 2015.

Robert E. Jones, Senior Judge
United States District Court

9 - OPINION AND ORDER